## McEVOY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   December 21, 1900.)

1. PLEADING—ISSUES.

   A petition set out as a basis of action an order of court for a mandamus and the writ. The answer contained no general denial, but set out certain defensive matter, and denied every allegation of the complaint contrary to what was alleged in the answer. *Held*, that there was no denial of the averments as to the mandamus, and it was unnecessary for plaintiff to prove them.

2. MUNICIPALITIES—REMOVAL OF EMPLOYE—EVIDENCE.

   One witness testified that during the interval of plaintiff's removal from his position as a Croton aqueduct watchman C. did the same class of work as plaintiff; that there were several watchmen, and after plaintiff's removal seven men did the same work, and were paid by the city, though one of them may have done the work under some other title. Another witness testified there were seven watchmen, including plaintiff, and that C. worked there before and after plaintiff was removed; that there were only six watchmen after plaintiff left, and C. was doing the same work. He admitted there were eight men who did the work before plaintiff left, and seven afterwards, but one of the men was not a watchman. *Held* not to show that plaintiff's place was filled by another, to whom plaintiff's salary was paid, as defense to an action against a city for wages as watchman.

Appeal from trial term, New York county.

Action by Thomas McEvoy against the city of New York. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Terence Farley, for appellant.

Roger Foster, for respondent.

PATTERSON, J. The plaintiff, a watchman in the employ of the city of New York in the Croton aqueduct division of the water supply department, sued to recover wages he claimed to be due him for a fixed period, and in his complaint set forth that he was appointed to that position in the year 1888, and accepted the same; that he performed the duties thereof until February, 1899; that he has since and at the time of the institution of the action still occupied the same position; that his wages were $2.50 a day, due him so long as he held the position, and that he received payment thereof until the 3d of January, 1899; that on the 4th of April, 1899, the supreme court of the state of New York made an order, and in pursuance thereof issued a writ of mandamus, directed to the commissioner of water supply of the city of New York, and to the deputy commissioner of the borough of Manhattan in the city of New York, requiring them to certify to the comptroller of the city of New York upon the pay roll of the department of water supply that the plaintiff was entitled to $2.50 a day from January 3, 1899, to May 18, 1899, in the aggregate $337.50 for 135 days, and that the commissioner and deputy commissioner, in obedience to the writ of mandamus, did so certify, but the comptroller of the city of New York has refused to pay any part of the amount so certified, except $22.50; that the claim of the

plaintiff was duly presented to the comptroller of the city of New York, who has neglected and refused to pay the same. Annexed to the complaint, and set out in extenso, are copies of the order for the mandamus and of the writ. The answer of the defendant admits the original appointment of the plaintiff as a watchman, as alleged in the complaint, but, on information and belief, denies that the plaintiff occupied that position continuously or during all of the time since he was so appointed, or that he has rendered such services for the defendant during all of said time; but, on the contrary, on information and belief, that he was removed from his said position as watchman on the 4th of January, 1899, and did not act as such watchman, or render any services thereafter as said watchman, until after the 8th of May, 1899, when he was restored to his position of watchman, and that during all of the time between the 4th of January, 1899, and the 8th of May, 1899, another person, duly appointed and employed by the defendant, occupied said position, and discharged the said duties of watchman, being the duties of the same position which the plaintiff was before and afterwards employed to discharge, and that before the plaintiff was restored to said position of watchman the defendant, in good faith, paid the person so discharging the duties of watchman between January 4, 1899, and the 8th day of May, 1899, in full for services, at the rate of $2.50 per day. The answer then contains this averment, namely: "It alleges the facts to be as above stated, and denies each and every allegation to the contrary in said complaint contained."

It is now urged that the plaintiff was not entitled to a verdict because of a failure to prove the allegations of the complaint respecting the issuance of the order for the mandamus and the writ. It was unnecessary for the plaintiff to do so under the pleadings. There is no denial of the allegations of the complaint relating to them. The answer denies merely each and every allegation of the complaint contrary to what is alleged in the answer. It is not alleged in the answer that the order was not made and the writ of mandamus not issued. There is no general denial in the answer, and the quoted allegations put nothing in issue respecting the adjudged rights of the plaintiff under the writ of mandamus. By the adjudication made when the writ was issued, it was determined that the plaintiff was entitled to his position as watchman and to his salary, and the requirement was made that his name be put upon the pay roll, in order that he might receive his salary. In the face of that adjudication, we do not see how the plaintiff's right to recovery can be questioned. But, even if that were not so, the defendant failed to prove that the plaintiff's position from the 4th of January, 1899, to the 8th of May, 1899, was filled by another appointee, to whom the wages or salary of that position was paid, or who was paid for rendering the same service. One of the defendant's witnesses testifies that during this interval another man, subsequently identified as one Coogan, did the same class of work that the plaintiff was engaged to do,—that is, the work of a watchman; that there were seven watchmen altogether, and that, after the plaintiff's removal, seven persons were engaged in doing the same work; and that each of those persons was paid by

the city. But this witness was not willing to swear that there were more than six watchmen after the plaintiff's removal. There were seven men who did the work of watchmen, but one of them may have been under some other title. Another witness, who was keeper of the reservoir (at which place the plaintiff had always worked), swore there were seven men, including McEvoy, who were watchmen at that place, and that Coogan was working there before and after the plaintiff was removed; that there were only six watchmen after the plaintiff went away, but that Coogan was doing the same work; but this same witness, in answer to a direct question by the court as to how many men patrolled the reservoir before the plaintiff was removed, gave the following answer: "There were eight before and seven afterwards." This witness also stated that before McEvoy left there were seven watchmen, and that the eighth person was patrolling, but that he did not call him a watchman; that he was not appointed as a watchman; that he was an assistant foreman. The proof shows that there were eight persons doing patrolling or watching before January 4th; that between January 4 and May 18, 1899, there were only seven persons; and it is impossible to infer from this evidence that the plaintiff's position as watchman was filled by somebody else, and that the salary as such was paid to that other person. There is no evidence that any new man was appointed, and the plaintiff was entitled to the direction of a verdict.

The judgment should be affirmed, with costs.

RUMSEY, O'BRIEN, and McLAUGHLIN, JJ., concur. VAN BRUNT, P. J., concurs in result.